**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| TANYA L. RIDEOUT,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, Commissioner, Social Security Administration,<br>Defendant. | No. EDCV 06-1106 CW<br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of disability benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

**I. BACKGROUND**

Plaintiff Tanya Rideout was born on July 31, 1970, and was thirty-five years old at the time of her administrative hearing. [Administrative Record ("AR"), 14, 157.] She has an eleventh grade education and past relevant work experience as a lab assistant and

phlebotomist. [AR 14, 80.] Plaintiff alleges disability on the basis of damage to the nerves and tendons in both hands. [AR 28.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on October 5, 2006, and filed on October 18, 2006. On April 30, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR"). On June 26, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income under Title XVI of the Social Security Act on October 4, 2004, alleging disability since November 4, 2003. [JS 2, AR 10.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on June 6, 2006, before Administrative Law Judge ("ALJ") Keith Varni. [JS 2, AR 157.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Gloria Lasoff. [Id.] The ALJ denied benefits in a decision dated July 10, 2006. [AR 15.] When the Appeals Council denied review on September 14, 2006, the ALJ's decision became the Commissioner's final decision. [AR 3.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial

gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision (step one); that plaintiff had "severe" impairments, namely an impairment of the musculoskeletal system (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 12-13.] The ALJ found plaintiff had an RFC for a range of light work, but not her past relevant work (step four). [AR 13-14.] The ALJ found, based on the testimony of the vocational expert, that there was "other work" in the national economy that plaintiff could perform, such as hand packer, assembler and sample clerk (step five). [AR 14.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 15.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation presents three disputed issues:

1. Whether the ALJ adequately discussed the opinion of the treating physician;
2. Whether the ALJ adequately considered plaintiff's mental impairment; and
3. Whether the ALJ adequately considered plaintiff's medication side effects.

[JS 2.]

---

n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**D. ISSUE ONE: DR. WATKINS**

In November 2003, plaintiff fell through a glass window, causing tendon and nerve damage to both of her forearms. [AR 102.] The next day, she underwent surgical repair of both arms, performed by orthopedic surgeon Barry Watkins. [Id.] Two weeks after the surgery, Dr. Watkins performed a physical examination and concluded plaintiff was “healing satisfactorily.” [AR 100.] One month later, in December 2003, Dr. Watkins again examined plaintiff and noted that plaintiff was making “steady gains” but that she still had significant scar adhesions and required total assistance with certain tasks; Dr. Watkins concluded that plaintiff was “progressing satisfactorily, but more slowly on the right hand, which has the more significant injury.” [AR 98.]

Three months later, in March 2004, Dr. Watkins examined plaintiff again and noted she was “frustrated with her hands” and “curious about returning to work.” [AR 96.] Dr. Watkins observed that plaintiff was developing “fixed right contractures” on her fingers, worse on the right hand. [Id.] Dr. Watkins recommended that plaintiff undergo continued physical therapy and concluded that she was “recovering at the pace expected” and that she would have adequate fine motor function in her hands by July. [Id.]

Three months later, in June 2004, plaintiff saw Dr. Watkins again. [AR 93.] Plaintiff told Dr. Watkins that she experienced improvement with sensation and function but that she had not fully recovered. [Id.] Upon physical examination, Dr. Watkins found that “[o]verall, she is progressing quite well with excellent return to function of the intrinsic muscles in the left hand” but with continued “stiffness and finger tightness in the right hand.” [AR 95.] Dr.

Watkins stated that there was "incomplete sensory recovery" but that weekly physical therapy was "adequate at this point." [Id.] He commented that plaintiff's "sensory return should continue to improve over the next year" and that she should also expect improved motor function. [AR 94.]

Three months later, in September 2004, Dr. Watkins examined plaintiff again. [AR 91.] Plaintiff complained of finger sensitivity, wrist weakness and hand fatigue. [Id.] Upon physical examination, Dr. Watkins concluded there was "slowly progressing recovery and slowly improving hand flexion." [Id.] Dr. Watkins extended plaintiff's off-work period for two months, noting the "loss of fine motor control of fingers" and the "slow return of muscle control in the hands," but estimated a return to work in November 2004, by which time he predicted that she would have "adequate hand strength and dexterity" to perform her past work as a phlebotomist. [AR 90-92.] Dr. Watkins indicated he would see plaintiff again in six weeks, but no such visit is documented in the record.[2]

In the administrative decision, the ALJ did not mention Dr. Watkins by name but referred to plaintiff's accident and observed that after the surgery, plaintiff's arms were "conservatively treated." [AR 12.] Plaintiff contends that the ALJ's consideration of Dr. Watkin's treatment was erroneous because the ALJ failed to discuss it, and such

[2] Plaintiff contends that the court should order a remand so that a record of this latest visit could be obtained, citing Wainwright v. Secretary of HHS, 939 F.2d 680, 682-82 (9th Cir. 1991). [JS 7.] In Wainwright, however, the plaintiff actually presented new evidence that was material to determining disability. Wainwright, 939 F.2d at 683. Here, plaintiff has made no effort to produce any new and material evidence; moreover, plaintiff does not affirmatively state that such evidence exists or that the visit with Dr. Watkins even occurred. Under these circumstances, remand is not required.

an omission is significant because Dr. Watkin's opinion establishes that plaintiff's progress was slower than initially expected. [JS 3.]

In the Ninth Circuit, the opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)(citations omitted). Where a treating physician's opinion on disability is uncontroverted, it cannot be rejected without clear and convincing reasons; where it is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Benecke v. Barnhart, 379 F.3d 587, 591 n.1 (9th Cir. 2004).

Plaintiff asserts that the ALJ's failure to discuss Dr. Watkin's opinion fell short of this standard. However, Dr. Watkin's record of plaintiff's treatment, as detailed above, failed to even suggest that plaintiff is disabled. The record shows that plaintiff was making consistent progress in recovering sensation and function in her hands and that Dr. Watkins believed plaintiff would eventually be able to return to her past work as a phlebotomist. The ALJ's decision was not inconsistent with these determinations. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993)(finding no error when the treating physician never concluded plaintiff was disabled and certified an ability to return to regular work). Accordingly, this claim is without merit.

**E. ISSUE TWO: DEPRESSION**

During the administrative hearing, plaintiff testified that she was suffering from depression and that she was seeking counseling. [AR 168.] She further testified that she had tried Lexapro and Prozac,

was waiting for additional medication, and started attending group therapy approximately one month prior to the hearing. [AR 168-69.] In the administrative decision, the ALJ found that plaintiff had no medically determinable mental impairment because although she testified she was depressed, there was “no evidence presented in the record to show the claimant has received any mental health treatment.” [AR 12.]

Plaintiff contends that the ALJ misrepresented the record because plaintiff did testify that she was receiving mental health treatment. [JS 7.] As the ALJ noted however, there is no evidence in the record of such treatment to support plaintiff’s testimony. Plaintiff’s testimony that she is depressed, without more, is not sufficient to substantiate the existence of a medically determinable mental impairment. See Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005). Neither was there a duty to develop the record under these circumstances. Both parties share the burden of developing the record. See 20 C.F.R. §§ 416.912(a)&(c), 416.916, 416.1435. In the notice provided prior to the hearing, plaintiff was informed that any additional evidence she wished to present should be submitted as soon as possible and that if she needed help obtaining records, she should contact the agency. [AR 24.] Plaintiff has offered no explanation for her failure to submit any evidence, or request assistance in doing so, either at the hearing or before the Appeals Council, to substantiate her claim. Accordingly, this claim does not warrant reversal.

**F. ISSUE THREE: MEDICATION SIDE EFFECTS**

Plaintiff testified that one of her medications, Flexeril, a muscle relaxant, makes her sleepy. [AR 164.] The record further indicates that plaintiff reported sleepiness as a side effect of

taking Soma, her previous muscle relaxant. [AR 58, 85.] The ALJ made no mention of these side effects in the decision. Plaintiff asserts that this was reversible error. [JS 11.] However, the record contains no evidence that plaintiff ever reported this side effect to her physician, nor that plaintiff has been significantly limited from a functional standpoint by any side effects. Without more than plaintiff's bare complaint, the ALJ's assessment of plaintiff's residual functional capacity is not called into question. See Osenbrock, 240 F.3d at 1164 (upholding ALJ's disregard of "passing mentions" of alleged medication side effects of "dozing off" and "dry mouth" when "there was no evidence of side effects severe enough to interfere with [plaintiff's] ability to work.").

## V. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: August 31, 2007

___________/S/_________________
CARLA M. WOEHRLE
United States Magistrate Judge